UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **NEAL JAMES ROBICHEAUX** | **DOCKET NO. 20-CV-1611** |
| | **SECTION P** |
| **VERSUS** | **JUDGE MICHAEL J. JUNEAU** |
| **STATE OF LOUISIANA, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Neal James Robicheaux, proceeding pro se and in forma pauperis, filed the instant civil rights complaint, pursuant to 28 U.S.C. § 1983, on December 10, 2020. Rec. Doc. 1.  Following an initial review, plaintiff was ordered to amend his petition on January 22, 2020.  Rec. Doc. 4.   That order was mailed to plaintiff at the address on file with the Court.

On February 11, 2021, plaintiff filed a Freedom of Information Act Request (rec. doc 5) and on March 19, 20201, he filed a Motion to Continue, Motion to Direct Appeal, and Motion for Discovery (rec. doc. 6).  To date, has failed to comply with this Court's order to file an amendment to his petition.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The

district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Petitioner has failed to comply with an Order directing him to amend his petition. This failure on his part warrants dismissal.

Therefore,

**IT IS RECOMMENDED** that the civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

**IT IS FURTHER RECOMMENDED** the Motion to Continue, Motion to Direct Appeal, and Motion for Discovery (rec. doc. 6) filed by plaintiff in March 19, 2021, be **DENIED**, as plaintiff was directed to amend the complaint to provide facts related to his claims, including whether charges are currently pending and, if so, to set forth the charges. He was also asked to provide the Court with any information regarding a probable cause hearing and future court proceedings relative to the pending charges. At this stage of the proceedings, neither a law library, nor specific discovery is necessary to proceed.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana, May 10, 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE